IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JASON HINES, Individually                                                    PLAINTIFF
and as Wrongful Death Beneficiary
and as Survivor of Austin Hines

V.                                                                  NO. 1:21-CV-52-DMB-RP

COLUMBUS, MISSISSIPPI, et al.                                  DEFENDANTS

## ORDER

On December 1, 2021, Lowndes County, Thomas Culpepper, Eddie Hawkins, and Thomas Honnoll filed a motion for summary judgment on Jason Hines' § 1983 and state law claims arising from the officer-involved shooting that resulted in the death of Hines' son Austin. Doc. #68. The defendants filed forty-eight exhibits in support of their summary judgment motion. Docs. #68-1 to #68-26, #69, #69-1 to #69-21.

Before his time to respond to the summary judgment motion expired,[1] Hines filed a motion to strike thirty-two of the exhibits.[2] Doc. #81. As cause, Hines argues that the exhibits are irrelevant, not sworn statements, and/or beyond the relevant officers' knowledge at the time of the shooting; and that many of the exhibits contain hearsay. *See id.* at 2–8. The defendants responded to the motion to strike, Doc. #86, and Hines replied, Doc. #90.

---

[1] Hines received an extension of his deadline to respond. Doc. #79.

[2] Hines seeks to strike Exhibit A (the County's jail file on Austin, Doc. #68-1); Exhibit C (the County's investigative report on the shooting, Doc. #68-3); Exhibits F, K, L, U (various 911 recordings: Docs. #68-6, #68-11, #68-12, #68-21); Exhibits G, H, N, O, S, W, CC, DD, EE, FF, HH, JJ, NN, OO, QQ, RR, TT (signed and unsigned statements from various officers: Docs. #68-7, #68-8, #68-14, #68-15, #68-19, #68-23, #69-2, #69-3, #69-4, #69-5, #69-7, #69-9, #69-13, #69-14, #69-16, #69-17, #69-19); Exhibit I (a recorded interview with a witness, Doc. #68-9); Exhibits P, Q, MM, PP (surveillance videos from businesses: Docs. #68-16, #68-17, #69-12, #69-15); Exhibits R, AA (body camera footage from officers not named as defendants: Docs. #68-18, #69); Exhibit T (photos of a damaged police vehicle, Doc. #68-20); and Exhibit II (a nondefendant officer's deposition, Doc. #69-8).

As observed by the defendants,[3] in violation of the Local Rules, Hines' motion exceeds four pages, contains legal argument and citation to case law, does not state whether the motion is opposed, and is not accompanied by a memorandum brief. *See* L.U. Civ. R. 7(b). The motion is properly denied for these procedural deficiencies.[4] *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *see SEC v. Downey*, 701 F. App'x 399, 399 (5th Cir. 2017) (applying abuse of discretion standard to denial of motion based on failure to comply with local rules). Accordingly, Hines' motion to strike [81] is **DENIED**.

**SO ORDERED**, this 26th day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. #86 at 3.

[4] Beyond the procedural deficiencies, the defendants argue that the motion should be denied because all the exhibits satisfy the "low bar" of relevance and the exhibits "need not be currently admissible, only capable of being admitted at trial," and they have "listed every person who authored a report as a potential trial witness." Doc. #86 at 4, 9. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017). Here, it appears all the challenged evidence is (1) relevant to the events surrounding Austin's death and/or (2) capable of being presented in an admissible form. And the Court is capable of disregarding any evidence that should not be properly considered in deciding the summary judgment issues.